IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | | |
|---|---|---|
| WILLIAM HAROLD WRIGHT, JR., | ) | |
| | ) | 1:22-CV-00150-RAL |
| Plaintiff | ) | |
| | ) | RICHARD A. LANZILLO |
| vs. | ) | Chief United States Magistrate Judge |
| | ) | |
| CMC ALLEN, COUNSELOR EZZOLO, CASE | ) | MEMORANDUM OPINION ON |
| MANAGER GABRIEL, | ) | DEFENDANTS' MOTION TO DISMISS |
| | ) | |
| Defendants | ) | **ECF NO.** 28 |

## I.      BACKGROUND

Plaintiff William Wright, an inmate in the custody of federal Bureau of Prisons (BOP),

commenced this action against Defendants Allen, Ezzolo, and Gabriel—three staff members at the

Federal Correctional Institution at McKean, Pennsylvania (FCI-McKean), where Wright was previously

incarcerated.  Wright's Second Amended Complaint—the operative pleading before the Court—alleges

that the Defendants violated BOP policies and his Fifth Amendment right to due process and subjected

him to intentional infliction of mental distress and "libel/slander" under Pennsylvania state law when they

refused to remove an erroneous Sex Offender Public Safety Factor (PSF) from his inmate file.  *See* ECF

No. 17.  He seeks redress of the BOP policy and Fifth Amendment violations by means of a cause of

action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (*Bivens*), and he

pursues his state law claims under the Court's supplemental jurisdiction.  *Id.*

Defendants have moved to dismiss Wright's claims pursuant to Fed. R. Civ. P 12(b)(6) and,

alternatively, for summary judgment pursuant to Fed. R. Civ. P 56.  *See* ECF Nos. 28 (motion), 29

(supporting brief and exhibits).  They argue that Wright's Fifth Amendment due process claim must be

dismissed because (1) he failed to exhaust his administrative remedies as to this claim; (2) the Supreme

Court has not recognized a Fifth Amendment due process claim based on inmate misclassification as

appropriate for an implied cause of action under *Bivens,* and extension of *Bivens* to such a claim in this case is unsupported; and, alternatively, (3) all Defendants are entitled to qualified immunity because no "clearly established" right to a particular inmate classification or procedure for assigning PSFs existed at the time of their actions.  Defendants argue that Wright's state law tort claims also fail because (1) Defendants are immune from such claims; (2) Wright did not exhaust his administrative remedies on any tort claim; and (3) the Federal Tort Claims Act bars claims for libel or slander and claims arising out of alleged libel or slander against the United States or its employees acting within the scope of their employment.  *See* ECF No. 29.

In directing Wright to respond to Defendants' motion, the Court notified him that the motion "may be treated, either in whole or in part, as a motion for summary judgment under Federal Rule of Civil Procedure 56" and advised him of the requirements of Rule 56.  ECF No. 30 (citing *Renchenski v. Williams*, 622 F.3d 315 (3d Cir. 2010)).  Wright has since filed numerous submissions in response to Defendants' motion.[1]  *See* ECF Nos. 33, 33-1-33-6, 36, 41, 43.  Defendants have also filed a Reply Brief in support of their motion.  *See* ECF No. 35.  The motion has been thoroughly brief and is ready for decision.[2]

---

[1] Wright labeled one of his submissions as a "Motion to Present Supplemental Legal Authority and Additional Arguments."  *See* ECF No. 41.  In addition to citing cases in support of his due process *Bivens* claim, that filing included, for the first time, a reference to a "failure to protect" claim based on an alleged assault by another inmate.  *See id.* at p. 2.  Wright filed his Supplemental Legal Authority and Additional Arguments more than four months after Defendants filed their motion to dismiss and approximately eleven months after Wright had filed his Second Amended Complaint in this action.  Wright has not requested leave to file a third amended complaint.  To the extent Wright believes the new factual assertions raised in his filing support a distinct claim, he may raise them in a separate lawsuit, but his supplemental authority and additional arguments are irrelevant to the Fifth Amendment due process, intentional infliction of emotional distress, and defamation claims asserted in the Second Amended Complaint.

[2] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

## II. FACTUAL ALLEGATIONS

The following facts are accepted as true for purposes of Defendants' motion to dismiss. When Wright arrived at FCI-McKean on March 9, 2022, he told Defendant Allen that the BOP had "misclassified" him as a "sex offender" and wrongly assigned a Sex Offender PSF to his inmate file. ECF No. 17, p. 2. This classification was based solely – and improperly – on a 1981 arrest for "rape by threat," which did not result in a criminal charge or conviction. *Id.* Wright asked Defendant Allen to "immediately remove" the "false allegation" from his prison file, but Defendant Allen refused to do so.[3] *Id.*

On March 10, 2022, an officer in FCI-McKean's Special Housing Unit (SHU) told other inmates that Wright was a "sex offender" and a "child molester." *Id.* at 3. Plaintiff claims that he filed three grievances regarding the matter and described the officer's comments as "slander." *Id.* On March 17, 2022, Wright spoke with a Unit Disciplinary Coordinator regarding the SHU officer's statements. *See id.* He then told Defendants Ezzolo and Gabriel that they "must reclassify" him and remove the "false allegation." *Id.* at 4. Ezzolo and Gabriel told Wright that they had spoken with Defendant Allen and would not remove that allegation. *See id.* Wright claims that Defendants' refusal to remove the "false allegation" from his file violates BOP policy, which Wright claims does not allow for inclusion of charges that were "dismissed" or "nolle prosequi," as well as his constitutional right to due process. *Id.* at 2, 4. Furthermore, Plaintiff claims that Defendants' actions constitute "intentional infliction of mental distress" and "libel/slander." *Id.* at 4.

---

[3] Although the Court must accept all well-pled allegations at the motion to dismiss stage (*see* Sec. III, *infra*), the Court may also consider matters of public record upon which the plaintiff relies in his complaint. Under the BOP policy at issue, a Sex Offender PSF may be applied even if the underlying charge was dismissed. For example, the policy makes clear that a Sex Offender PSF should be applied if the inmate accepted a plea bargain after being charged with an offense that includes, as an element: "[e]ngaging in sexual contact with another person without obtaining permission to do so (forcible rape, sexual assault or sexual battery)"; "[a]ny sexual contact with a minor or other person physically or mentally incapable of granting consent"; or "[a]ny sexual act or contact ... that is aggressive or abusive in nature (e.g., rape by instrument, encouraging use of a minor for prostitution purposes, incest, etc.) ...." BOP Program Statement 5100.08, Inmate Security Designation & Custody Classification, at 49, available at https://www.bop.gov/policy/progstat/5100_008.pdf (last visited January 18, 2024).

### III.    STANDARD OF REVIEW

Defendants' motion implicates two standards of review.  To the extent Defendants' motion relies on an affidavit and administrative records beyond the scope of the Second Amended Complaint, it is subject to the requirements and standard of Fed. R. Civ. P 56.  Rule 56(a) requires the district court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Under this standard "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome under applicable substantive law. *Anderson*, 477 U.S. at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992).  An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether a genuine issue of material fact remains for trial, the court must view the record and all reasonable inferences to be drawn therefrom in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988).  To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. Instead, once the movant satisfies its burden of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party must go beyond his pleadings with affidavits, depositions, answers to interrogatories or other record evidence to demonstrate specific material facts that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  On a motion for summary judgment, "a pro se plaintiff is not relieved of his obligation under [Federal Rule of Civil Procedure] 56 to point to competent evidence in the record that is capable of refuting a defendant's motion

..." *Dawson v. Cook*, 238 F. Supp. 3d 712, 717 (E.D. Pa. 2017) (citation omitted). Put another way, *pro se* status does not relieve a non-moving party of his "obligation under Rule 56(c) to produce evidence that raises a genuine issue of material fact." *Id.* (quoting *Boykins v. Lucent Techs., Inc.*, 78 F. Supp. 2d 402, 408 (E.D. Pa. 2000)); *see also Winfield v. Mazurkiewicz*, 2012 WL 4343176, at *1 (W.D. Pa. Sept. 21, 2012).

All other arguments raised in Defendants' motion are presented as a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Such a motion tests the legal sufficiency of the complaint on its face. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In making this determination, the court must accept as true all well-pled factual allegations in the complaint and view them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

To survive a motion to dismiss, a complaint must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Attain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555 (citing *Papasan*, 478 U.S. at 286). *See also McTernan*

*v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Finally, because Wright is proceeding *pro se*, the allegations of his Second Amended Complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read a *pro se* litigant's pleadings to state a valid claim upon which relief could be granted, it will do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969).

## IV.   ANALYSIS

Defendants argue that Wright has failed to exhaust his administrative remedies as to any of his claims as required by the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a) (PLRA). In broad brush, the PLRA requires a prisoner to exhaust available administrative remedies before he may bring an action challenging the conditions of his confinement. *See* 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all claims relating to prison life which do not implicate the duration of the prisoner's sentence. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, the statute requires "proper exhaustion," meaning that a prisoner's completion of the administrative review process must also satisfy the applicable procedural rules of the prison's grievance system. *Fennell v. Cambria County Prison*, 607 Fed. Appx. 145, 149 (3d Cir. 2015). A procedurally defective administrative grievance, even if pursued to final review, precludes action in federal court. *Id.* Failure to exhaust administrative remedies under the PLRA is an affirmative defense that the defendants must plead and prove. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

The Federal Bureau of Prisons ("BOP") has a four-step administrative-remedies process federal inmates must complete to satisfy the PLRA's exhaustion requirement. *See* 28 C.F.R. §§ 542.10-542.19. First, an inmate must informally present an issue of concern to the staff for collaborative resolution. *See*

28 C.F.R. § 542.13(a). Second, if the inmate is dissatisfied with the informal resolution of the issue, the inmate must submit a formal, written Administrative Remedy Request on a BP–9 form for resolution by the Warden within 20 days following the date on which the basis for the Request occurred. *See* 28 C.F.R. § 542.14. Third, an inmate who is not satisfied with the Warden's response may submit an appeal on a BP–10 form to the Regional Director within 20 days from the date that the Warden signed the response. *See* 28 C.F.R. § 542.15. Fourth, an inmate who is not satisfied with the Regional Director's response may submit a final appeal on a BP–11 form to the General Counsel at the Central Office of Appeals within 30 calendar days of the Regional Director's signed response. *See id.*

In support of their PLRA exhaustion affirmative defense, Defendants have submitted the affidavit of Eva Baker-Dykstra (Baker-Dykstra), a Paralegal Specialist employed by the BOP, Northeast Regional Office (NERO), Philadelphia, Pennsylvania. *See* ECF No. 29-1, ¶ 1.  Baker-Dykstra attests that she is familiar with the BOP's administrative remedy process and its computerized system for recording and tracking federal inmates' administrative remedy requests. *See id.*, ¶ 1-2.  She further attests that she is familiar with the claims and allegations raised by Wright in this lawsuit and that BOP records show he has never filed a request for administrative remedy at any level concerning the issues he raises in this case. *See id.*, ¶¶ 4-6.  Finally, she produces and attests to the authenticity of the BOP records upon which she relies. *See id.*, ¶7 and Exhibit C to ECF No. 29-1.

Based on these submissions, Defendants have met their threshold burden of demonstrating through record evidence that Wright has not filed any Administrative Remedy Request related to the claims asserted in his Second Amended Complaint.  Wright does not dispute this failure.  Instead, he broadly asserts that the Defendants denied him the ability "to grieve," arguing at length that his administrative remedies were "unavailable" within the meaning of the PLRA. *See* ECF No. 33, pp. 8-14 (pp. 7-12 using Wright's page numbering).

As Wright correctly observes, the PLRA only requires an inmate to exhaust "available" administrative remedies. *See Shifflett v. Korszniak*, 934 F.3d 356, 365 (3d Cir. 2019).  The United States

Supreme Court has identified "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Ross v. Blake*, 578 U.S. 632, 643 (2016). First, an administrative procedure is not available "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id*. Second, a procedure is not available when it is "so opaque that it becomes, practically speaking, incapable of use." *Id*. at 643-44. Finally, a procedure is unavailable when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misinterpretation, or intimidation." *Id*. at 644.

Although Wright accurately recites this standard, he provides no factual record to support that BOP administrative remedies were unavailable to him. To the contrary, the record reflects that Wright raised his concerns using a BP-8 "informal resolution" form and that BOP personnel responded specifically and substantively to the issues raised by Wright. *See* ECF No. 33-3. Although his attempt at informal resolution was unsuccessful, Wright never took the next step of filing a formal Administrative Remedy Request regarding his PSF designation. Instead, he argues in conclusory fashion that BOP officials "repeatedly either refuse[d] to address or resolve the matter," citing the denial of his informal resolution request as evidence of their obfuscation. ECF No 45 at p. 3.

"Once the defendant has established that the inmate failed to resort to administrative remedies, the onus falls on the inmate to show that such remedies were unavailable to him." *Kendrick v. CO Hann*, 2021 WL 2914986, at *5 (M.D. Pa. July 12, 2021) (citing *Rinaldi v. United States*, 904 F.3d 257, 268 (3d Cir. 2018)). Here, Wright's unsupported assertion that the Defendants denied him the ability to grieve is insufficient to create a genuine issue of material fact on an issue concerning which he bears the ultimate burden of proof. "Where the party opposing a motion for summary judgment bears the ultimate burden of proof, the moving party may discharge its initial burden of showing that there is no genuine issue of material fact 'by showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.'" *Player v. Motiva Enterprises, LLC*, 240 Fed. Appx. 513, 522 n.

8

4 (3d Cir. 2007), quoting *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d 497, 502 (3d Cir. 2004). If the moving party has satisfied its initial burden, the nonmoving party must, in their opposition to the motion, identify evidence of record that creates a genuine issue of material fact. *See Childers v. Joseph*, 842 F.2d 689, 694-95 (3d Cir. 1988); *Marmolejos v. Glob. Tel\*Link Corp.*, 2019 WL 981882, at \*2 (W.D. Pa. Jan. 9, 2019), *report and recommendation adopted*, 2019 WL 977888 (W.D. Pa. Feb. 28, 2019). Wright has failed to do so here. Accordingly, Defendants are entitled to judgment as a matter of law on all claims asserted by Wright in his Second Amended Complaint.[4]

## V.    CONCLUSION

For the reasons stated herein, Defendants' Motion for Summary Judgment is granted. A separate judgment will follow.

DATED this 23rd day of February, 2024.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[4] Even if Wright had properly exhausted his claim, the Court notes that the implied right of action against federal government actors recognized by the United States Supreme Court in *Bivens* is extremely limited. In addition to the original *Bivens* context of an illegal search and seizure, *Bivens* has only been extended twice: in *Davis v. Passman*, 442 U.S. 228 (1979), where the Court held that an administrative assistant fired by a congressman had a *Bivens* remedy for her Fifth Amendment gender discrimination claim, and, a year later, in *Carlson v. Green*, 446 U.S. 14 (1980), where the Court permitted a *Bivens* remedy against federal prison officials for failure to treat a prisoner's serious medical condition. Since these decisions, the Supreme Court has expressly confined *Bivens* actions to the limited types of claims previously recognized. *See Corr. Srvs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (referring to *Bivens* as a "limited holding."). *See also Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017) (noting that "over the course of nearly four decades, the Supreme Court has repeatedly refused to recognize *Bivens* actions in any new contexts"). Wright has not cited any caselaw for the proposition that his procedural due process claim falls into any of the existing *Bivens* categories.